# EXHIBIT J

Case 4:21-cv-00616 Document 37-12 Filed 04/15/22 in TXSD

Leachman

Landis on Mechanics of Patent Claim Drafting

Fifth Edition

Robert C. Faber

PLI

G1-3805

Practising Law Institute

Intellectual Property Law Library

# Landis on Mechanics of Patent Claim Drafting

## Fifth Edition

Robert C. Faber

# Landis on Mechanics of Patent Claim Drafting

FIFTH EDITION

# Practising Law Institute's Intellectual Property Law Library

*Advertising and Commercial Speech: A First Amendment Guide* (2d ed.), by Steven G. Brody & Bruce E.H. Johnson (#4906)

*Art Law: The Guide for Collectors, Investors, Dealers, and Artists* (3d ed.), by Ralph E. Lerner & Judith Bresler (#7793)

*Copyright Law: A Practitioner's Guide*, by Bruce P. Keller & Jeffrey P. Cunard (G1-9508)

*How to Write a Patent Application*, by Jeffrey G. Sheldon (G6-2009)

*Landis on Mechanics of Patent Claim Drafting* (5th ed.), by Robert C. Faber (G1-8805)

*Likelihood of Confusion in Trademark Law*, by Richard L. Kirkpatrick (G1-1024)

*2005 Federal Circuit Yearbook: Patent Law Developments in the Federal Circuit*, by Gale R. Peterson & Derrick A. Pizarro (#7785)

*Patent Law: A Practitioner's Guide* (3d ed.), by Ronald B. Hildreth (G1-1923)

*Patent Licensing: Strategy, Negotiation, Forms*, by Mark S. Holmes (G0-00J0)

*Patent Litigation*, edited by Laurence H. Pretty (G1-8901)

*Substantial Similarity in Copyright Law*, by Robert C. Osterberg & Eric C. Osterberg (G1-1924)

*Trademark Law: A Practitioner's Guide* (4th ed.), by Siegrun D. Kane (G1-8804)

*Trade Secrets: A Practitioner's Guide* (2d ed.), by Henry H. Perritt, Jr. (#7792)

*PLI course handbooks on intellectual property law topics are also available. Please ask for a catalog.*

**Practising Law Institute**
**810 Seventh Avenue**
**New York, New York 10019**
**(800) 260-4754**
**fax: (800) 321-0093**
**www.pli.edu**

# Landis on Mechanics of Patent Claim Drafting

FIFTH EDITION

ROBERT C. FABER

INCORPORATING RELEASE NO. 2
NOVEMBER 2005
#8148

PRACTISING LAW INSTITUTE
NEW YORK CITY
G1-8805

*This work is designed to provide practical and useful information on the subject matter covered. However, it is sold with the understanding that neither the publisher nor the author is engaged in rendering legal, accounting or other professional services. If legal advice or other expert assistance is required, the services of a competent professional should be sought.*

---

**QUESTIONS ABOUT THIS BOOK?**

If you have questions about replacement pages, billing or shipments, or would like information on our other products, please contact our **customer service department** at (800) 260-4PLI.

For library-related queries, **law librarians** may email: libraryrelations@pli.edu.

For any other questions or suggestions about this book, contact PLI's **editorial department** at: editorial@pli.edu.

For general information about Practising Law Institute, please visit **www.pli.edu**.

---

Copyright © 1986, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2001, 2002, 2003, 2004, 2005 by Practising Law Institute. All rights reserved. Printed in the United States of America. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of Practising Law Institute.

Library of Congress Catalog Card Number: 93-83371
ISBN 0-87224-054-1

Old section MPEP section 706.03(d) appeared to permit some limited use of alternative expressions:

> Alternative expressions such as "brake or locking device" may make a claim indefinite if the limitation covers two different elements. If two equivalent parts are referred to such as "rods or bars," the alternative expression may be considered proper.

Since the precise boundaries of equivalent parts often are not clear, and since alternatives were previously considered improper per se, it is suggested that this device not be used. Note the *Pavlecka* case[75] sanctioning "a spline or splines."

Similarly, attempted alternative or hedged expressions (for example, "a drive means, such as a motor," or "a holder, preferably a perforated box") are considered improper.[76] "Description of examples or preferences is properly set forth in the specification rather than the claims."[77] These expressions are alternative and really an attempt to present two different claims—one broad, one narrower—at the same time. If it is not clear whether the claimed narrower range is a claim limitation, it is improper.[78] The MPEP gives examples: "R is halogen, for example, chlorine"; "material such as rock wool or asbestos"; "hydrocarbons such, for example, as the vapor"; "normal conditions, such as while in the container."[79] But note, while "material such as rock wool or asbestos" is improper for it is not limiting, "rock wool or asbestos" would be a proper alternative. Each claim must cover a single combination with an ascertainable scope, not several combinations of different scope.

The solution, of course, is to use the broader term for the first claim and, if important, the narrower term or alternative structure in other claims.

In *In re Wolfrum & Gold*,[80] the court expressly held that a *Markush* claim (section 6:2) to "patentably distinct" species A and B could not be rejected under 35 U.S.C. § 112.[81] The claim in question was very definitely an alternative claim to groups of compounds A or B, but the court held that section 112 would not support such a rejection, because it was clear what the applicant intended to claim, and that is all section 112 requires. Note, there

---

75. *In re* Pavlecka, 138 U.S.P.Q. (BNA) 118 (C.C.P.A. 1963).
76. MPEP § 2173.05(d).
77. *Id.*
78. *Id.*
79. *Id.*
80. *In re* Wolfrum & Gold, 179 U.S.P.Q. (BNA) 620 (C.C.P.A. 1973).
81. See further discussion of *Wolfrum* in section 8:8, *infra*.)

would never be any indefiniteness problem per se in an alternative claim: applicant would clearly intend to claim combination A or combination B, assuming each alternative was clearly defined.

In *In re Haas*,[82] the court held that such claims could not be rejected under 35 U.S.C. § 101, defining the statutory classes of patentable subject matter.[83]

It is not clear what other statutory clause might support a rejection of an alternative claim, and if all rejections of claims must be based on specific sections of the statute, the *Wolfrum* case might open up claim drafting practices to any and all definite forms of alternative claims (for example, "a spring or a weight for biasing"). There would be no question as to what the applicant regards as the invention, the spring or the weight. By extension, one might be allowed to claim a lawn sprinkler or a popcorn popper, totally different inventions, assuming each was defined clearly, so far as section 112 is concerned. But these products are so independent that they could not appear in one claim.

Even under a doctrine permitting express alternatives, such alternative expressions as "a spring or the like" might be barred because it would not be definite what "or the like" might be.

"Optionally," as in "containing A, B and optionally C" is not considered indefinite as there is no ambiguity as to the alternatives covered in the claim.[84] If the list of potential alternatives can vary, leading to ambiguity, the claim is indefinite under section 112, paragraph 2. This is quite a change, in the view of an experienced practitioner. But it illustrates how far MPEP section 2173.05(h) goes in permitting alternatives.

**Summary**

*Avoid alternative expressions, particularly names of parts. Make what claims cover definite.*

## § 3:14 Parts or Features of Elements

It is necessary to describe everything about each element that is pertinent to a claim of the scope to be drafted.[85] That is, where material to the claim, one must describe such features as

82. *In re* Haas, 179 U.S.P.Q. (BNA) 623 (C.C.P.A. 1973).
83. See discussion of that *Haas* in section 6:2.
84. MPEP § 2173.05(h)III. *Ex parte* Cordova, 10 U.S.P.Q.2d (BNA) 1949 (Board of Patent Appeals and Interferences 1989); *Ex parte* Wu, 10 U.S.P.Q.2d (BNA) 2031 (Board of Patent Appeals and Interferences 1989).
85. See sections 3:11 and 8:7 for discussions on incomplete claims.

(1) the constituent parts of the element and how they are related;

(2) details of construction such as apertures, rounded ends, etc.;

(3) the size, shape, and geometry of the element or any of its parts; and

(4) the materials of construction used.

If the orientation of an element (horizontal, vertical) or its location (above or below some other element) is important, that should be stated.

The foregoing list is illustrative, not exclusive. The rule is to describe everything about the element *that is necessary to the claim* and no more. Of course, the claim drafter must distinguish between the elements of the claim and the parts of the elements; sometimes an item of structure may be made either a separate element or a part of an element, depending on how the elements are defined. In case of doubt, make the item a separate element.

One problem comes with unbased comparatives, such as "thick," "heavy," "small." These will frequently be considered vague and indefinite by the examiner.[86] The remedy here usually is to relate the property to some other element or to an external standard, such as "smaller than the ___________" or "having a specific gravity greater than one." In this area, there is a "rule of reason," and such qualifiers as "resilient," "flexible," etc., are usually accepted without question.

If many features of elements are essential to the claim, they should be described in some logical order, usually a matter of choice, using subordinate clauses as necessary. But watch out for grammar, particularly verb tenses, and make sure the claim continues to read as a proper sentence (section 2:2, above). One example of a description of a moderately complex element follows:

> . . . a carriage on which the bending fingers and the article holder are mounted, the carriage being mounted in the guideway of the base for sliding movement between the first and second stops, the carriage having a transverse guide slot in its upper surface in which the article holder is mounted for relative sliding movement toward and away from the bending fingers, . . . [Note the "the bending fingers," etc., would have been described in previous clauses.]

As much detail is stated as is necessary, in the easiest way possible.

---

86. *See* MPEP § 2173.05(b). This was discussed in section 3:12, *supra*.

It is ordinarily best to describe all of the salient features of each element in the clause pertaining to that element, even though the purpose for a feature of the element does not appear until later in the claim. This is preferred over reciting features of one element at different points throughout the claim. It is easier to develop a mental picture of an element, and when there is a drawing, to see all of the features of the element at one time in the drawing, when the claim recites all of the features of that element before moving on to describe another element. However, this is not mandatory, and sometimes other techniques make the claim easier to understand and should be used.

Similarly, it is usually best to tell how an element moves or cooperates with other elements at the point where all of the background has been described, rather than waiting until the end of the claim.

The paragraphing of a claim is useful for this describing of the salient features, since a paragraph can recite all of the features of an element before moving on to the next element in the next paragraph.

It should be noted that Claim 1 (section 3:1.1) does not include any features of elements, as this was not necessary to describe the simple shaker claimed. However, assume that the shaker is a popcorn popper and is to be so claimed, and that the holes in the container (Example I, Fig.-1) are important and must be defined.

Clause (a) of Claim 1 might read:

> **A container for receiving kernels of corn to be popped, the container having a perforated bottom with apertures smaller in size than the kernels;**

Other examples of expressions defining features of elements:

> **a disc of resilient material having a peripheral groove . . .**
>
> **a relay having two windings . . .**
>
> **a level having a forked end and a rounded end . . .** [If only the forked end is important to the combination being claimed, do not mention the rounded end.]
>
> **a gear of electrically insulating material . . .**

If an element by definition inherently includes a certain feature, that feature need not be recited and it is proper to refer, without previous mention, to such features as: "the end of the lever . . ."; "the periphery of the disc . . ."; "the tines of the fork . . ." In case of doubt about inherent inclusion, positively describe the feature or part.

**Summary**

*Select those parts or features of each element that are essential to the combination being claimed. Then describe them in a logical order, preferably following the main description of the element and in the same clause of the claim. How many features need to be described and how broadly each should be recited is a matter of the claim scope (based largely on the prior art and the need to avoid an incomplete structure missing an essential component), but the principles are the same as used in selecting the elements and naming them.*

## § 3:15 Claiming Holes

In past practice, in a claim where a hole was to be described, it was not recited positively. That is, instead of stating "a hole, groove, aperture, recess, slot, etc., in the lever," one claimed "the lever having a hole, groove, etc." The object was claimed, and then the feature of significance was recited, the hole, etc. Thereafter, one could refer to "the hole" or "said hole." This can also lead to an odd inquiry as to whether a particular feature is a claimed "hole." For example, is "a chamber in the lever" claiming a hole? Other words denoting empty space (gap, space, opening, hollow, etc.) might be subject to the same rejection. This "rule" may seem to make little sense, but it is another founded in antiquity like the single sentence rule. Perhaps someone thought that a hole, etc., is nothing—and people should not claim nothing. The author has seen objections to claiming holes, received from Examiners even in recently prosecuted patent applications.

Another approach to describing holes is an expression such as "the level having portions defining a hole, groove, etc." The hole is thus defined in terms of the structure that forms it.

However, that previous prohibition against claiming holes has not been honored, and the author has only very rarely seen a rejection of a claim for claiming a "hole," or an equivalent. One case[87] held that it was proper to claim a hole and its function as a means for performing a function, specifically "means for providing fluid communication between . . . [two members]."

87. *In re* Newton, 163 U.S.P.Q. (BNA) 34 (C.C.P.A. 1969).