Case 4:21-cv-00616   Document 59   Filed on 09/23/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILCO MARSH BUGGIES AND DRAGLINES INC., | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. H-21-616 |
| v. | § § | |
| HOUSTON HEAVY MACHINERY, LLC, | § § § | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Wilco Marsh Buggies & Draglines sued Houston Heavy Machinery, LLC in this district, alleging that it infringed Wilco's United States Patent No. 6,918,801 by using and selling to its customers amphibious excavators manufactured by EIK Engineering SDN BHD and its domestic affiliate. In the Eastern District of Louisiana, Wilco sued Weeks Marine, Inc., alleging that it used infringing machines in its excavation work. *Wilco Marsh Buggies v. Weeks Marine, Inc.*, No. 2:20-cv-3135 (E.D. La. filed Nov. 18, 2020). Both Houston Heavy Machinery and Weeks Marine counterclaimed for a declaratory judgment of noninfringement and invalidity. Both courts were asked to—and did—rule on competing claim constructions. (Docket Entry No. 42); (Docket Entry No. 54 (E.D. La.)).

Shortly after the claim-construction opinions issued and Wilco's motion for reconsideration in the Louisiana case was denied, Wilco moved to dismiss its claims against Houston Heavy Machinery under Rule 41(a)(2) of the Federal Rules of Civil Procedure, and to dismiss Houston Heavy Machinery's counterclaims against Wilco under Rule 12(b)(1). (Docket Entry No. 45). Houston Heavy Machinery disputes Wilco's motion to dismiss the counterclaim.

1

Wilco's argument on the Rule 12(b)(1) dismissal is that a live case or controversy no longer exists between the parties because Wilco has agreed to enter into a covenant not to sue Houston Heavy Machinery. The covenant states as follows:

> Plaintiff Wilco Marsh Buggies & Draglines, Inc. ("Wilco") hereby enters, and serves on Defendant Houston Heavy Machinery, LLC ("HHM"), the foregoing irrevocable and unconditional Covenant Not to Sue on U.S. Patent No. 6,918,801 ("Covenant").
>
> WHEREAS Wilco represents and warrants that it is the sole owner of U.S. Patent No. 6,918,801, entitled "Amphibious Vehicle" issued on July 19, 2005 ("the '801 patent"), including all right, title, and interest in and to the '801 patent;
>
> WHEREAS the undersigned Dean R. Wilson is the vice-president of Wilco and has the authority to enter into this Covenant and to bind Wilco to the contents of this Covenant;
>
> WHEREAS Wilco filed a lawsuit in the U.S. District Court for the Southern District of Texas, styled *Wilco Marsh Buggies & Draglines, Inc. v. Houston Heavy Machine1y, LLC*, No. 4:21-cv-00616, wherein Wilco has asserted, among other things, that Defendant HHM has infringed the '801 Patent and Wilco has sought injunctive and monetary relief for such infringement; and
>
> WHEREAS Wilco, on behalf of itself, its shareholders, officers, directors, employees, agents, successors, counsel, assigns, inventors, licensors, and licensees hereby unconditionally covenant not to sue, bring any action, or assert any claim against HHM, or any of its members, officers, directors, or employees, (''HHM Parties'') for any future direct or indirect infringement of the '801 patent.

(Docket Entry No. 45-1).

Relying on *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010), Wilco asserts that the covenant not to sue Houston Heavy Machinery for infringement deprives this court of jurisdiction over the counterclaim. Houston Heavy Machinery responds that the covenant not to sue does not remove the court's subject matter jurisdiction over its counterclaim because the covenant not to sue does not include an agreement that Wilco will not sue Houston Heavy Machinery's *customers* who purchase or use an amphibious excavator. According to Houston

Heavy Machinery, Wilco was asked, but refused, to make explicit that the covenant not to sue covered not only Houston Heavy Machinery, but also its customers.

The "actual controversy" requirement of the Declaratory Judgment Act is the same as the "case or controversy" requirement of Article III of the United States Constitution. *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1337 (Fed. Cir. 2007). To determine whether an actual controversy exists, a court must consider if "all the circumstances" demonstrate "that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting reference omitted). Exercise of declaratory judgment jurisdiction is discretionary. *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008).

A patentee's covenant not to sue may preclude a declaratory judgment action, "depend[ing] on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Citing to *Lowe v. Shieldmark, Inc.*, No. 21-2164, 2022 WL 636100 (Fed. Cir. Mar. 4, 2022), Wilco argues that its covenant not to sue has left no substantial controversy, as needed for subject matter jurisdiction. In *Lowe*, the patent holder "voluntarily dismissed its infringement suit against the alleged infringer *with prejudice*" after learning that the infringer had sold only a few allegedly infringing products and then created a noninfringing redesign. *Id.* at *8. Under those facts, the possibility of a second suit was, "[a]t best," hypothetical and speculative. *Id.* The patent holder covenanted not to sue the alleged infringer for "past and present infringement." *Id.* The patent holder also stated that it would not sue the alleged infringer based on its future manufacture, sale, or use of the allegedly infringing product. *Id.* The remaining "speculative possibility" of suit was insufficient to support subject matter jurisdiction. *Id.*

3

This case is not *Lowe*. Wilco's covenant does not eliminate the possibility that Houston Heavy Machinery's customers may face a patent infringement lawsuit for using excavation equipment that they bought or otherwise acquired from Houston Heavy Machinery. That is more than a speculative possibility. Wilco sued Weeks Marine, a customer of a supplier, who had purchased or otherwise obtained and used amphibious excavators that Wilco alleged infringed its patent. In this case, Wilco refused to include Houston Heavy Machinery's customers in the covenant not to sue, despite Houston Heavy Machinery's request that it do so. Any suit against the customers arising from their purchase or acquisition from Houston Heavy Machinery affects its customer relationships and good will. Because the ability to sue Houston Heavy Machinery's customers remains on the table, an issue that did not exist in *Lowe*, Wilco's covenant not to sue does not extinguish the actual controversy.

Because Wilco has not covenanted to not sue Houston Heavy Machine's customers for infringement of the patent, there is a substantial controversy between the parties sufficient for subject matter jurisdiction. *See MedImmune*, 549 U.S. at 127. ("[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

Wilco's motion to dismiss its own claims under Rule 41(a)(2) is granted. Its motion to dismiss Houston Heavy Machinery's counterclaims under Rule 12(b)(1) is denied on the present record.

SIGNED on September 23, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge